UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEYED SAEID ZAMANIEH SHAHRI,<br><br>Plaintiff,<br><br>v.<br><br>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, OAKLAND LOCAL OFFICE, et al.,<br><br>Defendants. | Case No. 22-cv-03366-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR ENTRY OF JUDGMENT**<br><br>Re: Dkt. Nos. 32, 37 |

Pending before the Court is Defendants' motion to dismiss and Plaintiff's motion for entry of judgment. Dkt. Nos. 32, 37. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion to dismiss and **DENIES** the motion for entry of judgment.

### I.   BACKGROUND

Pro se Plaintiff Seyed Saeid Zamanieh Shahri initially filed this action in June 2022 against the U.S. Equal Employment Opportunity Commission ("EEOC"), including its Oakland and San Francisco offices. *See* Dkt. No. 1. Plaintiff then filed an amended complaint in August 2022. *See* Dkt. No. 13 ("FAC").

Although the FAC is at times difficult to comprehend, Plaintiff appears to allege that the EEOC's Oakland and San Francisco offices improperly investigated his employment discrimination case against his former employer, Losrios Community College. *See id.* Plaintiff

was a professor at the college. *See id.* at 13.[1] Plaintiff alleges that the college harassed and discriminated against him because his wife—an adjunct professor at the college—rejected the dean's repeated sexual advances in 2018 and 2019. *See, e.g.*, *id* at 25–26, 37–40. Plaintiff complained, and the college conducted an internal investigation, but Losrios ultimately terminated his employment in May 2020. *See id.* at 26, 41–43. The college cited a "course reduction related to [the] COVID-19 situation." *Id.* But Plaintiff contends that his "performance was satisfactory," and the college continues to hire additional adjunct faculty, including for classes that he once taught. *Id.* at 26–30, 43–50.

Plaintiff states that he initially filed a charge with the EEOC in March 2020 based on this conduct, and filed additional charges after the college terminated his employment and restricted his access to his college email account. *Id.* at 27–28, 30. The EEOC's investigation of his charges is apparently ongoing. *See id.* at 27. According to Plaintiff, the EEOC has engaged in myriad "strange and very worrying actions," which has allowed Losrios' misconduct to continue. *See id.* at 29–31. For example, Plaintiff asserts:

- The EEOC deleted documents that Plaintiff had uploaded to the EEOC Portal regarding his charges, and prevented him from uploading additional documents. *Id.* at 15, 17–19, 22–23.
- The EEOC canceled Plaintiff's appointment, saying he did not properly confirm it, and there were no other timely appointment dates available. *Id.* at 16, 19–21.
- The EEOC investigator, Bryan Hoss, interviewed Plaintiff and his wife together even though they had separate charges, and frequently interrupted them. He also asked Plaintiff not to copy him on emails after he had transferred Plaintiff's case to another investigative unit. *Id.* at 31.
- Mr. Hoss sent Plaintiff a "lawsuit letter" from the Department of Fair Employment & Housing, and tried to encourage him to pursue litigation rather than the charges with the EEOC. *Id.* at 30–31.

---

[1] For ease of reference, the Court refers to the PDF pagination unless otherwise noted.

1    • The EEOC procrastinated in issuing a determination on Plaintiff's charges. *Id.* at
2     17, 24–30.

3  In short, Plaintiff contends that the EEOC mishandled his charges against Losrios. He
4 urges that such conduct violates the Administrative Procedure Act ("APA") and Title VII of the
5 Civil Rights Act of 1964. *See id.* at 90–91. In the "Demand for Relief" attached to the FAC,
6 Plaintiff asks the Court to:

7    • "Penal[ize]" Mr. Hoss and his supervisor Dana Johansson, who no longer work at
8     the EEOC, as well as other unnamed EEOC employees who are in their "circle" at
9     the San Francisco and Oakland offices.
10   • Restore Plaintiff's position as a faculty member at Losrios Community College.
11   • Punish administrators at Losrios Community College.
12   • Order the EEOC's offices in Oakland and San Francisco to provide "written
13     assurance that Retaliation against [Plaintiff] won't happen again."
14   • Issue "Civil Harassment Restraining Orders" against Losrios College employees.
15   • Award Plaintiff $900,000 in compensatory and punitive damages.

16 *See id.*

17  Defendants now move to dismiss the FAC for failure to state a claim. *See* Dkt. No. 32.

18 **II. LEGAL STANDARD**

19  Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain
20 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A
21 defendant may move to dismiss a complaint for failing to state a claim upon which relief can be
22 granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the
23 complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."
24 *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule
25 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible
26 on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible
27 when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that
28 the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1  In reviewing the plausibility of a complaint, courts "accept factual allegations in the
2  complaint as true and construe the pleadings in the light most favorable to the nonmoving party."
3  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless,
4  courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of
5  fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.
6  2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

7  Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).
8  "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than
9  formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation
10 omitted).  However, even a "liberal interpretation of a . . . complaint may not supply essential
11 elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*,
12 673 F.2d 266, 268 (9th Cir. 1982).  "[P]ro se litigants are bound by the rules of procedure,"
13 *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of
14 the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

## III. DISCUSSION

16 Plaintiff's wife, Sonia Sayyedalhosseini, filed a parallel action in federal court against the
17 EEOC.  *Sayyedalhosseini v. U.S. Equal Employment Opportunity Commission*, Case No. 22-cv-
18 03367-YGR.  Like Plaintiff, Mrs. Sayyedalhosseini asserted causes of action under both the APA
19 and Title VII based on the EEOC's alleged mishandling of her charges against Losrios college.
20 *See id.*, Dkt. No. 10.  Judge Gonzales Rogers recently dismissed that case in its entirety without
21 leave to amend.  *See Sayyedalhosseini v. U.S. Equal Emp. Opportunity Comm'n*, No. 22-CV-
22 03367-YGR, 2022 WL 17553004, at *1 (N.D. Cal. Dec. 9, 2022).  The Court understands that
23 Plaintiff disagrees with the reasoning in that order, and that Mrs. Sayyedalhosseini has filed an
24 appeal to the Ninth Circuit.  *See* Dkt. No. 43.  Nevertheless, the Court finds Judge Gonzales
25 Rogers' order persuasive, and adopts its reasoning here in its entirety.

26 Under the APA, the Court may review certain agency action.  *See* 5 U.S.C. §§ 702, 704.
27 Under § 706 specifically, the Court may "compel agency action unlawfully withheld or
28 unreasonably delayed." 5 U.S.C. § 706(1).  Plaintiff appears to suggest that under this provision,

4

the Court can review the EEOC's investigative efforts and "penalize" them for their alleged delay and mishandling of his charges. As the Ninth Circuit has explained, however, "not all agency activities fall within the scope of the APA." *Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir. 1983). "[F]or an agency action to be reviewable, that action must have determinate consequences for the party to the proceeding." *Id.* (quotation omitted). However, "[t]he EEOC's negligence or inaction in the internal processing of a complaint has no determinate consequences because such actions are merely preparatory to a lawsuit by either the EEOC or the charging party in federal district court." *Id.* As the Ninth Circuit explained, a plaintiff could "remedy the EEOC's failure to prosecute his discrimination charge diligently by directly suing his employer in federal district court." *Id.*; *accord Sayyedalhosseini*, 2022 WL 17553004, at *2. Plaintiff lists myriad complaints with the EEOC's processing of his charges. But the remedy for such concerns is suing Losrios directly for its alleged misconduct. Accordingly, Plaintiff has failed to state a claim against Defendants under the APA.

Plaintiff's Title VII is similarly misplaced. The Court understands that Plaintiff believes Losrios College and its employees discriminated against him. However, neither Losrios College nor those individuals are Defendants in this case. As Judge Gonzales Rogers explained, "Title VII creates a private cause of action that permits employees to sue their *employers*, not the EEOC, for alleged discrimination." *Sayyedalhosseini*, 2022 WL 17553004, at *2 (emphasis added); *Ward*, 719 F.2d at 313 (holding that "Congress did not intend [in Title VII] to imply a private cause of action against the EEOC" for failing to investigate discrimination complaints adequately). Plaintiff has thus failed to state a claim against Defendants under Title VII.

After briefing on the motion to dismiss had concluded, Plaintiff filed a "motion for entry of judgment." Dkt. No. 37. Plaintiff appears to suggest that the evidence alleged in the FAC and in the attached exhibits is sufficient for the Court to enter judgment in his favor. *Id.* As Judge Gonzales Rogers cautioned, "[a] lengthy complaint does not necessarily assist a litigant. Usually, it means that the litigant is providing a narrative of their alleged injury instead of focusing on the actual elements of a particular claim." *Sayyedalhosseini*, 2022 WL 17553004, at *1, n.2. Even liberally construing Plaintiff's lengthy complaint and numerous exhibits, they are not sufficient to

state a claim against the EEOC.  As discussed above, Plaintiff has failed to state any claim against Defendants.  This motion for entry of judgment is thus **DENIED**.

### IV. CONCLUSION

The Court **GRANTS** the motion to dismiss.  The Court further **DENIES** Plaintiff's motion for entry of judgment. Dkt. No. 37.  Plaintiff has already amended his complaint once in this case.  And based on the nature of the deficiencies in Plaintiff's complaint, the Court finds that granting leave to amend would be futile.  The Court therefore **DISMISSES** the case without leave to amend.  *See Ramirez v. Galaz*a, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (quotations omitted).  The Clerk is therefore directed to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated: 2/13/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge